UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


EDWARD A. BEHL, SR.,

                      Petitioner,

-vs-                                              Case No.  8:10-cv-1583-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

                      Respondent.
_____/

## ORDER

This cause is before the Court on Edward A. Behl, Sr.'s timely-filed 28 U.S.C. § 2254

petition for writ of habeas corpus.  A review of the record demonstrates that, for the following

reasons, the petition must be **denied.**

## PROCEDURAL HISTORY

On February 13, 2001, the State Attorney filed a four-count Information charging Behl

with two counts sexual battery of a child, a capital felony, and two counts of sexual activity with

a child, a first degree felony. (Exh 1: Vol. 1: R 4-5). Later, the State nolle prossed the first count

of sexual battery, and orally amended the two counts of sexual activity to two counts of sexual

battery on a child by a person in familial or custodial authority. Therefore, the charges became

one count of capital sexual battery (Count I), and two counts of sexual battery on a child by a

person in familial or custodial authority (Counts II and III).

The case proceeded to a jury trial before the Honorable Nancy Moate Ley, Circuit Judge.

1

Behl was represented by retained counsel, Robert M. Tager, Esquire. On November 22, 2002, the jury found Behl guilty of one count of sexual battery and two counts of sexual battery by a person in familial or custodial authority. (Exh 1: Vol. 1: R 102-104). On November 26, 2002, the court sentenced Behl on the sexual battery count to life imprisonment, with a minimum of twenty-five (25) years. On Counts II and III, the court sentenced Behl to thirty (30) years each, with all sentences to run concurrently. Also, Behl was found to be a sexual predator. (Exh 1: Vol. 1: R 109-115).

### Rule 3.800(b) Motions to Correct Illegal Sentence

On November 14, 2003, through appellate counsel, Behl filed in the trial court a motion to correct sentence pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure. (Exhibit 2). Behl argued in the motion that the sentencing guidelines scoresheet was incorrectly computed. On November 13, 2003, the trial court issued a written order granting resentencing to correct the error. (Exhibit 3). The matter was set for resentencing on March 19, 2004.

On March 5, 2004, prior to the scheduled hearing, Behl's appellate counsel filed another Rule 3.800(b)(2) motion seeking correction of the sentences. (Exhibit 4). The second motion alleged a violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), based on the imposition of 80 victim injury points on the scoresheet for penetration. In an order dated March 12, 2004, the trial court denied the second motion to correct illegal sentence. (Exhibit 5).

The resentencing hearing on the first motion to correct sentence (inaccurate calculation) took place on March 19, 2004. The court vacated the Judgment and Sentence, reviewed a corrected guidelines scoresheet, and imposed a new judgment and sentence on Counts II and III of 337.5 months in prison on each count, to run concurrently. (Composite Exhibit 6).

2

**Direct Appeal**

Behl pursued a direct appeal. Behl's appellate counsel, Assistant Public Defender Allyn M. Giambalvo, filed an initial brief of appellant and cross-appeal of appellee. (Exhibit 7) raising the following four issues:

Issue I

THE PROSECUTOR'S IMPROPER GOLDEN RULE ARGUMENT WARRANTS REVERSAL.

Issue II

APPELLANT COULD NOT BE CONVICTED OF SEXUAL BATTERY UPON A PERSON LESS THAN 12 YEARS OF AGE, BECAUSE THE DATES ALLEGED IN THE INFORMATION ENCOMPASSED A DATE WHEREIN THE VICTIM WOULD HAVE BEEN 12 AND THE JURY RETURNED A GENERAL VERDICT WHICH DIDN'T SPECIFY ON WHAT DATE THEY FOUND THE OFFENSE TO HAVE OCCURRED.

Issue III

APPELLANT ARGUES THAT FLA. STAT. 775.21 IS VIOLATIVE OF PROCEDURAL DUE PROCESS; AND AT PRESENT THERE EXISTS A PRESUMED CONFLICT BETWEEN THE DISTRICT COURTS OF APPEAL AS TO WHETHER 775.21, FLA. STAT. IS VIOLATIVE OF PROCEDURAL DUE PROCESS.

Issue IV

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO CORRECT SENTENCE WHICH ALLEGED THAT APPELLANT'S SENTENCE VIOLATED *APPRENDI.*

On April 20, 2004, Behl filed a motion to file a supplemental pro se brief containing those issues which he felt should be addressed. (Exhibit 8). Attached to the motion was his proposed supplemental brief. (Exhibit 9). According to the appellate court docket in Case No. 2D03-184, on May 10, 2004, it appears the court denied without prejudice Behl's motion to file a

3

supplement brief.[1]  (Exhibit 10). No further mention of the filing of a pro se brief appears in the case progress docket.

The State filed an answer brief and initial brief of cross appellant. (Exhibit 11). The issue on State's cross-appeal was "whether the trial court erred in suppressing the victim's controlled phone calls to Appellant?"  Behl's counsel then filed the answer brief of cross-appellee. (Exhibit 12).

On March 16, 2005, in Case No. 2D03-184, the Second District Court of Appeal filed a written opinion affirming Behl's three convictions and sexual offender designation, but reversed and remanded the case for resentencing on one of the two counts of sexual battery by a person in familial or custodial authority. (Exhibit 13). *Behl v. State*, 898 So. 2d 217 (Fla. 2d DCA 2005). The appellate court determined that Behl's sentences for the sexual battery by a person in familial or custodial authority in Count II or III violated the United States Supreme Court's holding in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). The mandate issued October 27, 2006. (Exhibit 14).

## On Remand

On remand, Behl moved to disqualify Judge Ley. (Exhibit 15). On June 20, 2005, Judge Ley issued an order denying the pro se motion to disqualify, but disqualifying herself on the court's own motion. (Exhibit 16). Behl also filed a motion to consolidate convictions/sentences on the basis of double jeopardy. (Exhibit17). A resentencing hearing was held before the Honorable R. Timothy Peters, Circuit Judge, on August 26, 2005. (Exhibit 18). After correcting a computation error committed by the Second District Court of Appeal, and amending the

---

[1] The appellate file was destroyed on June 10, 2010.  Therefore, there is no copy of the order in the record.

scoresheet to reduce the victim injury points on Count III to forty (40) points, the court sentenced Behl on Counts II and III to 287.5 months in prison, which is the top of the guidelines range. (Exhibit 19). The court denied Behl's motion to consolidate which presented an alleged double jeopardy violation. (Exh 18 at p. 10).

Behl appealed the resentencing judgment and the denial of his motion to consolidate. He filed a pro se initial brief (Exhibit 20) raising two issues:

Issue I

Appellant's two convictions for Count II and Count III are one-in-the-same offense; hence multiple convictions and punishments violates double jeopardy principles.

Issue II

The trial court's assessment of victim injury points as sentence enhancement without aggravating facts being presented to the jury and determined beyond a reasonable doubt violates the rule expressed in *Apprendi v. New Jersey* and clarified in *Blakely v. Washington*.

The State filed its answer brief (Exhibit 21), and Behl filed a reply brief. (Exhibit 22). On May 12, 2006, in Case No. 2D05-4833, the appellate court filed a per curiam silent affirmance of Behl's resentencing. (Exhibit 23). *Behl v. State*, 929 So. 2d 1061 (Fla. 2d DCA 2006)[table]. The court issued the mandate June 2, 2006. (Exhibit 24).

**Petition Alleging Ineffective Assistance of Appellate Counsel**

On October 26, 2006, Behl filed a petition for writ of habeas corpus in the Second District Court of Appeal, pursuant to Fla. R. App. P. 9.141(c). The petition was stricken by the court on November 3, 2006, for exceeding the page limit. (Exhibit 25). Behl filed an amended petition

on January 3, 2007. (Exhibit 26). The amended petition raised seventeen grounds for relief.[2]

On March 15, 2007, in Case No. 2D06-4785, the court issued an order treating the petition as one alleging ineffective assistance of appellate counsel and denied the petition without discussion. (Exhibit 27). *Behl v. State*, 954 So. 2d 1164 (Fla. 2d DCA 2007)[table]. Behl filed a motion for rehearing (Exhibit 28), which the court denied on April 12, 2007. (Exhibit 29).

### Petition for Writ of Habeas Corpus filed in Florida Supreme Court

On March 6, 2007, prior to finality of the habeas proceeding in the Second District Court of Appeal, Behl filed a petition for writ of habeas corpus, with an appendix and memorandum of law, in the Florida Supreme Court. (Exhibit 30). On April 26, 2007, in Case No. SC07-449, the Supreme Court filed an order dismissing the petition as unauthorized pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). (Exhibit 31). *Behl v. State*, 962 So. 2d 335 (Fla. 2007)[table]. Behl filed a motion for rehearing (Exhibit 2), which the court denied on July 10, 2007. (Exhibit 33: Case Docket).

### Rule 3.850 Motions for Postconviction Relief

On August 22, 2007, Behl filed a pro se motion for postconviction relief, with attachments, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 34). Behl raised thirteen grounds for relief:

> 1. The evidence presented as to Count I was legally insufficient to support a conviction or in the alternative, the State's evidence was so tenuous as to constitute a miscarriage of justice;
>
> 2. The evidence presented as to Counts II and III was legally insufficient to support a conviction or, in the alternative, the State's evidence was so tenuous

---

[2] The first sixteen grounds complained of error in the trial court. The seventeenth ground alleged ineffective assistance of appellate counsel for failing to argue the first sixteen issues on direct appeal.

as to constitute a miscarriage of justice;

3. The three charges of sexual activity with a minor are "one-in-the-same offense" and multiple convictions and sentences violate double jeopardy and counsel was ineffective for failing to move for a dismissal or judgment of acquittal;

4. The three charges of sexual activity with a minor are improper as the evidence was legally insufficient to support multiple acts and counsel was ineffective for failing to move for dismissal or a judgment of acquittal;

5. Florida Statutes 794.011(8), is void because it is overly broad and "it could be applied to innocent activity, permit conviction based solely on legal conduct, or punish a person solely because of his or her status or quality";

6. The criminal  statute forbidding sexual activity with a minor by a person in a position of familial or custodial authority is void because it negates its only defense;

7. The trial court erred by failing to instruct the jury on the essential element of "in a position of familial or custodial authority" with respect to Counts II and III; and counsel was ineffective for failing to request a special jury instruction;

8. The trial court erred in failing to instruct the jury regarding the essential element of the victim's age in Counts II and III; and counsel was ineffective for failing to object and/or move for mistrial when the court gave an erroneous jury instruction;

9. The assessment of 120 points for victim injury violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and counsel was ineffective for failing to preserve this issue;

10.     (a) The State improperly introduced evidence of uncharged collateral crimes in violation of the evidentiary rules and this evidence was so prominent that it overwhelmed the evidence of the charged crimes and became a feature of the trial;

        (b) The "golden rule" was violated in the State's closing arguments; and counsel was ineffective for failing to preserve these issues;

11. The State improperly introduced hearsay testimony of the Defendant's alleged statements to witnesses; and counsel was ineffective for failing to preserve the issue for appeal and or file a motion to prevent the State from allowing the witnesses to testify about the statements;

12. The trial court erroneously prohibited Behl from impeaching the victim, whose

7

testimony provided the only evidence of a crime; and counsel was ineffective for not telling the trial court of the crucial importance of impeaching the victim's testimony;

13. The trial court improperly intimidated defense counsel and constrained Behl's closing arguments; and counsel was ineffective for failing to object and or move for disqualification and or a mistrial.

On November 26, 2007, the postconviction court issued an order summarily denying all grounds. (Exhibit 35). Later, on January 26, 2008, and April 25, 2008, Behl filed pleadings which contained twelve additional grounds for relief. The twelve additional claims presented in the pleadings were:

14.     (a) Trial counsel was ineffective for failing to move to dismiss his three convictions because the Information was signed on February 13, 2001, by "J.A. Bulone."

    (b) The trial court did not have jurisdiction over Behl due to the defective Information.

15.     (a) The trial court lacked jurisdiction over Behl because the charge was a capital felony which requires an indictment rather than an Information;

    (b) The trial court violated Behl's due process rights because Behl was tried by a six-person jury panel rather than a twelve member jury panel;

    (c) Trial counsel was ineffective for failing to dismiss and/or for a new trial on these bases.

16. Trial counsel was ineffective for erroneously advising Behl not to testify;

17. Trial counsel was ineffective for failing to investigate and impeach the State's witnesses;

18. Trial counsel was ineffective for failing to investigate and call an expert witness to testify regarding eyewitness memory reliability;

19. Trial counsel was ineffective for failing to file pre-trial motions "to preserve the integrity of, or to suppress as unfairly prejudicial, State's evidence";

20. Trial counsel was ineffective for failing to request an alternative jury instruction concerning "weighing the evidence";

8

21. Trial counsel was ineffective for failing to request an alternative jury instruction concerning "reasonable doubt.";

22. Trial counsel was ineffective for failing to obtain an order granting the motion to suppress testimony concerning a second police interrogation;

23. The cumulative effect of counsel's errors made the trial fundamentally unfair and the resulting convictions should be reversed;

24. Behl requests that should the court overturn fewer than all three counts against him, it should consider the "spillover effect" on the remaining counts against him;

25. Trial counsel was ineffective for failing to investigate and call an expert witness to testify regarding the "juvenile eyewitness truthfulness" and for failing to move for a new trial on the "new defense theory" advanced at trial, for failing to anticipate the court's exclusion of exculpatory evidence, and failing to investigate alternative evidence such as a child behavioral psychologist or sociologist.

On September 3, 2008, the postconviction court issued an Order Denying "'Defendant's Second Motion for Rehearing and Amendments to Motion for Post-Conviction Relief' and 'Defendant's Amendment to Defendant's Second Motion for Rehearing and Amendments to Motion for Post-Conviction Relief.'" (Exhibit 36). The court addressed each of the twelve additional grounds solely for the purpose of determining whether the additional claims were time-barred under the two-year rule of Fla. R. Crim. P. 3.850(b). The court determined that claims 14-25 were time-barred.

Behl appealed the adverse rulings. He filed an initial pro se brief on October 20, 2008. (Exhibit 37). Because of the summary nature of the proceeding, the State was not required to file a responsive brief and did not do so. On November 13, 2009, in Case No. 2D08-5058, the appellate court filed a silent per curiam affirmance of the postconviction court's orders denying relief. (Exhibit 38). *Behl v. State*, 27 So. 3d 31 (Fla. 2d DCA 2009)[table]. Behl filed a motion for rehearing and a motion for rehearing en banc. (Exhibit 39). On February 11, 2010, the

motions for rehearing and rehearing en banc were denied by the court. (Exhibit 40). The court

issued its mandate on March 1, 2010. (Exhibit 41).

## THE PRESENT PETITION

Behl placed the § 2254 petition in the prison mailing system on June 18, 2010. (Doc.

1).The petition is timely.

Behl raises the following nineteen grounds for relief:

### GROUND ONE

The state court decision upholding the conviction as to Count I is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the jury's general verdict may rest on legally inadequate theory of guilt resulting in a conviction without proof beyond a reasonable doubt or upon a charge not made.

### GROUND TWO

(A) The state court decision upholding the conviction as to Count I is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the evidence is legally insufficient to support a guilty verdict, or establishes facts contrary to the verdict so as to warrant a new trial; and

(B) counsel's assistance was ineffective for failing to move for judgment of acquittal or for a new trial.

### GROUND THREE

 (A) The state court decision upholding the convictions as to Counts II and III is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the evidence is legally insufficient to support a guilty verdict or establishes facts contrary to the verdict so as to warrant a new trial; and

(B) counsel's assistance was ineffective for failing to move for a judgment of acquittal or for a new trial.

10

## GROUND FOUR

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where three charges of sexual activity with a minor are factually and legally one-in-the-same offense, and multiple convictions and punishments constitute double jeopardy; and

(B) counsel's assistance was ineffective for failing to move for dismissal or for judgment of acquittal.

## GROUND FIVE

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where three charges of sexual activity with a minor are improper the evidence is legally insufficient to support multiple counts; and

(B) counsel's assistance was ineffective for failing to move for dismissal or for judgment of acquittal.

## GROUND SIX

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the trial court's limitation of cross-examination of State witnesses unfairly restricted star witness impeachment – a crucial component of the defense strategy; and

 (B) counsel's assistance was ineffective for failing to lay a persuasive predicate for admission and/or object to limitation.

## GROUND SEVEN

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where improper admission of collateral evidence overwhelmed evidence of charged crimes to become a feature of the trial and an impermissible attack on Petitioner's character; and

(B) counsel's assistance was ineffective for failing to object and/or move in limine.

## GROUND EIGHT

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where hearsay testimony of Petitioner's alleged statements was improperly introduced; and

(B) counsel's assistance was ineffective for failing to object and/or move in limine and/or for new trial.

## GROUND NINE

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the trial judge improperly intimidated defense counsel, constrained defense closing arguments, and interfered with counsel's duty to advocate; and

(B) counsel's assistance was ineffective for failing to object, and/or move for disqualification and/or for mistrial or new trial.

## GROUND TEN

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the trial judge erred in instructing the jury as to the essential element of the victim's age in Counts II and III, creating a legally inadequate theory of guilt upon which the general verdict may rest; and

(B) counsel's assistance was ineffective for failing to object and/or move for a new trial.

## GROUND ELEVEN

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the trial court failed to instruct the jury as to the element of standing "in a position of familial or custodial authority;" and

(B) counsel's assistance was ineffective for failing to request a special jury instruction to define the element.

### GROUND TWELVE

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the trial court's assessment of victim injury as a sentence enhancement without jury finding of the aggravating fact beyond a reasonable doubt violates the rule of *Apprendi*, or constitutes impermissible double counting; and

(B) counsel's assistance was ineffective for failing to contemporaneously object or move to correct sentencing error.

### GROUND THIRTEEN

(A) The state court decision upholding the conviction is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the trial court erroneously exercised subject-matter jurisdiction over the charge of a capital offense by prosecutor's information without indictment by grand jury, rendering the trial and convictions void; trial of a capital case by a six-member jury deprived Petitioner of due process; and

(B) counsel's assistance was ineffective for failing to object or move for dismissal or discharge and/or for new trial.

### GROUND FOURTEEN

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, because Petitioner's convictions are void where the State failed to invoke the trial court's subject-matter jurisdiction through a valid charging instrument by a duly-authorized prosecuting officer; and

(B) counsel's assistance was ineffective for failing to object or to move for dismissal.

### GROUND FIFTEEN

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the criminal statute forbidding sexual activity with a minor by a person in a  position of familial or custodial authority is void for negating the only plausible defense of willingness or consent; and

13

(B) counsel's assistance was ineffective for failing to move for dismissal and/or for judgment of acquittal.

## GROUND SIXTEEN

(A) The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the criminal statute forbidding sexual activity with a minor by a person in a position of familial or custodial authority is void for overbreadth; and

(B) counsel's assistance was ineffective for failing to move for dismissal and/or for judgment of acquittal.

## GROUND SEVENTEEN

The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where counsel's assistance  was ineffective for (1) misadvising Petitioner not to testify; (2) failing to investigate and impeach State witnesses; (3) failing to investigate or call an expert witness in cognitive and/or child psychology; (4) failing to make pre-trial motions to exclude victim testimony and enjoin victim counseling; (5) failing to request alternate jury instructions; and/or (6) failing to suppress improper police testimony.

## GROUND EIGHTEEN

The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the cumulative effect of errors collectively prejudiced Petitioner so as  to deprive him of a fair trial and due process.

## GROUND NINETEEN

The state court decision upholding the convictions is contrary to, or an unreasonable application of, controlling Supreme Court precedent, or an unreasonable determination of record facts, where the spillover effect of reversible errors on one conviction impermissibly contributed to the jury's guilty verdict as to the remaining convictions, depriving Petitioner of a fair trial and due process.

## STANDARDS OF REVIEW

### The AEDPA Standard

Behl's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24,1996. *See Lindh v. Murphy* , 521 U.S. 320, 336, 138 L. Ed. 2d 481, 17 S. Ct. 2059 (1997). Under 28 U.S.C. § 2254(d) and (e) and the AEDPA , this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To have a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Our standard of review is "doubly deferential" when "a *Strickland* claim [is] evaluated under the § 2254(d)(1) standard." *Knowles v. Mirzayance*, --- U.S.--- ,129 S. Ct. 1411, 1420

(2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable -- a substantially higher threshold." Id. (quotation marks omitted).

### Procedural Default

The alleged trial court errors set out in Grounds Two (A), Three (A), Five (A), Six (A), Ten (A), Eleven (A), Fifteen (A), and Sixteen (A)[3] are procedurally defaulted under state law because the issues were presented as substantive claims for the first time in Behl's Rule 3.850 motion for postconviction relief. Such claims are not cognizable in a postconviction proceeding and were explicitly found to be barred in the postconviction court's order denying relief.

In Florida, postconviction motions cannot be used as a second appeal for issues that were or could have been raised on direct appeal. *See, e.g., Parker v. State,* 611 So.2d 1224, 1226 (Fla. 1992) ("We have repeatedly said that a motion under Rule 3.850 cannot be used for a second appeal to consider issues that either were raised in the initial appeal or could have been raised in that appeal."); *Howell v. State*, 877 So. 2d 697, 707 (Fla. 2004). This Circuit has long recognized this aspect of Florida law. See *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred),*cert. denied*, 464 U.S. 922, 104 S. Ct. 290, 78 L. Ed. 2d 266 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.)(under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a rule 3.850 motion), *cert. denied*, 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990). Claims that are

---

[3] Other claims of trial court error raised in the federal petition are also procedurally barred because they were improperly raised in a collateral proceeding.  However, the postconviction court did not expressly hold that the other claims were not cognizable in the Rule 3.850 proceeding, and instead addressed the grounds on the merits.

procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. at 496, 106 S. Ct. 2639. In this case, Behl has neither argued nor shown valid cause and prejudice or manifest injustice to excuse his default. Behl may argue that his state petition alleging ineffective assistance of appellate counsel satisfies the "cause" requirement to excuse the default. However, Behl cannot show prejudice where the state appellate court denied his petition, implicitly holding that appellate counsel was not ineffective. Accordingly, the allegations raised in Grounds Two (A), Three (A), Five (A), Six (A), Ten (A), Eleven (A), Fifteen (A), and Sixteen (A) are procedurally barred.

## DISCUSSION

## GROUND ONE

Behl contends his conviction of Count 1 of the Information cannot stand where the jury's general verdict may rest on a legally inadequate theory of guilt resulting in a conviction without proof beyond a reasonable doubt or upon a charge not made. Specifically, in the § 2254 petition, Behl alleges as supporting facts:

> The State's charge as to Count I, sexual activity with a minor less than 12 years of age, alleged that the conduct occurred on an unspecified date between the two specified dates, the latter of which fell after the minor had attained 12 years of age. Thus,  part of the range of charged dates created a valid theory of guilt and part created a theory of guilt that is legally invalid. Because the State also charged, in a separate count, that the conduct occurred when the minor was 12 years of age or older, and the evidence adduced at trial was consistent with this allegation, the error resulted in a conviction without proof of each element beyond a reasonable doubt or, alternatively, a conviction on a charge not made,

both of which violate the Due Process Clause. Where a general verdict may rest on a legally inadequate basis that violates due process, the conviction must be set aside.

Section 2254 habeas corpus petition at p. 6.

In its answer brief, the State provided the following facts and legal argument as to this issue:

The Information charges Appellant with having sexually abused his daughter between November 1, 1994 and January 3, 1998 (count II) and after January 3, 1998 to July 31, 2000 (counts II and III). January 3, 1998 is the date of the victim's twelvth [sic] birthday. Relying on *Velazquez v. State*, 648 So. 2d 302 (Fla. 5th DCA 1995). Appellant argues that because the victim turned twelve on January 3, 1998, during the period of time alleged in the Information, he can not be convicted in count I under section 794.011(2)(a).

*Velazquez* concerned a single incident of sexual abuse which happened on the victim's birthday. The defendant argued that on her twelfth birthday, the victim exceed [sic] the age parameters set forth in the statute. The state attempted to calculate her age based on the day and moment of her birth, arguing that she did not turn twelve until the exact day and time anniversary of her birth. This argument was rejected by the court, which advised that under the Birthday Rule, a person turns a year older at 12:01 a.m. on the anniversary day of their birth. *Velazquez* does not provide the solution Appellant supposes.

Unlike *Velazquez,* the victim here did not testify as to specific occurrences of abuse occurring on specific dates. A single charge, encompassing multiple occurrences, was alleged. Consequently, there is no testimony that Appellant abused his daughter specifically on January 3, 1998. Rather, the victim testified that the abuse referenced by Count I took place weekly, and, ultimately, daily over a period of 5 years. Given this evidence, Appellant could have been charged with upwards of hundreds of criminal sexual acts against his daughter during this period. Yet, only one count, count I, related to sexual abuse during the time the victim was less than twelve years old.

It is clear that the date set forth in the Information was included by the State solely as an ending point to the applicable period in Count I - her twelfth [sic] was the ending point of the abuse in Count I and the staring [sic] point of the abuse in Counts II and III. Appellant's conviction is proof that the jury believed the evidence; and the evidence alleged that the abuse occurred constantly from the time the victim was approximately 9 years old. Given the evidence, the jury had multiple occasions upon which to base a finding of sexual abuse. The statute was violated at least once during the time that the victim was under twelve. Thus,

unlike *Velazquez*, the allegations in this case are not dependant on the victim having been sexually abused on the single day during which he [sic] age was in flux.

The jury was instructed that count I required proof that the victim was less than 12 when the abuse occurred. It strains logic to suppose that the jury disregarded this instruction (including the common sense meaning of the term "less than") and the countless acts of sexual abuse to premise its conviction solely on the acts which may have occurred on January 3, 1998. Substantial evidence establishes the inception of the abuse when the victim was 9. In addition to the victim's detailed testimony, there is medical and anecdotal evidence which establishes that the victim was suffering from stress, manifested in trichotilomania[4], believed to be brought about by her grievous sexual abuse. Accordingly, the evidence supports the conviction in count I and the inclusion of the date of her birthday in the Information does not negate the multiple criminal assaults which undergird the jury's verdict of guilty.

Recent Supreme Court precedent also counters Appellant's reliance on the use of a general verdict as a basis to negate the jury's determination. In *Cardenas v. State*, 867 So. 2d 384 (Fla. 2004), the Supreme Court distinguished general verdicts based on alternative theories and general verdicts based on inadequate evidentiary support. The Court re-stated its position that "[w]hile a general guilty verdict must be set aside where the conviction may have rested on an unconstitutional ground or a legally inadequate theory, reversal is not warranted where the general verdict could have rested upon a theory of liability without adequate evidentiary support when there was an alternative theory of guilt for which the evidence was sufficient." *Id.*

This is not a case where the jury was being asked to choose between two alternative theories of the crime. Here, a single theory was alleged - sexual abuse of a child under twelve and multiple instances of that crime presented. The jury need have found only one instance to satisfy its judgment of guilt as to that count. Further, even under the general verdict decisions referenced by Appellant, reversal is appropriate only if it is possible to determine the basis for the jury's verdict. Here, the jury's verdict arose of a determination that sexual abuse took place while the victim was under the age of twelve. Thus, the general verdict should stand.

The jury was instructed using the standard jury instruction for sexual battery. Neither that instruction, nor Florida law, require a jury to be instructed on when a certain chronological age is achieved. The jury in this case received evidence of the victim's birthday. It could employ its common understanding of

---

[4] A psychological condition with manifests itself in compulsive hair pulling.

when the victim would have turned twelve; an understanding which the State contends comports with the "birthday rule" as set forth in *Velazquez.* Thus, that the jury was not instructed on when the victim turned twelve does not aide [sic] Appellant's general verdict argument.

Respondent's Exhibit 11: Answer Brief of Appellee at pp. 6-10.

Behl did not exhaust an issue of federal constitutional magnitude in ground one. In the present petition, Behl argues that he was convicted without proof of each element of the offense or convicted on a charge not made, either situation leading to a violation of the Due Process Clause. See § 2254 petition at p. 6. Although Behl attempts to raise a federal constitutional claim in his petition, he did not fairly present such claim to the state courts; therefore, the issue was not properly exhausted, creating a procedural default. In Issue II of his initial brief on direct appeal, Behl raised a similar claim. Although he cited one federal case,[5] the case was quoted in support of his argument that he might have been convicted on an illegally inadequate theory. (Respondent's Exhibit 7 at p. 15). As correctly argued by the State in its answer brief, Behl's case did not involve an issue concerning the adequacy of the theory of prosecution. (Respondent's Exhibit 11 at pp. 6-10). In any event, Behl's brief did not put the state court on notice that he was arguing a violation of his rights under the United States Constitution. Before seeking federal habeas relief, a state prisoner to satisfy the exhaustion requirement, 28 U.S.C. § 2254(b)(1), must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1350, 158 L. Ed. 2d 64 (2004). Pursuant to *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995), briefing an issue as a matter of state law is not sufficient to exhaust a

---

[5] *Griffin v. United States*, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991).

federal claim on the same grounds. *Id.*, 513 U.S. at 366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Behl could have alerted the state courts in his case that he was leveling a charge of a violation of federal due process. In *Baldwin*, the Supreme Court wrote that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin,* 541 U.S. at 32, 124 S. Ct. at 1351. Behl's fleeting reference to the *Griffin* case was no more than a "needle in a haystack." *See McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005)(exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record).

Even if the constitutional dimension of Ground One is exhausted, however, Behl's claim must fail under the AEDPA standard. The jury was not being asked to choose between two alternatives theories of the crime. Rather, a single theory was alleged - sexual abuse of a child under twelve, with multiple instances of that crime presented. The jury need have found only one instance to satisfy its judgment of guilt as to that count.

> It is one thing to negate a verdict that, while supported by evidence, may have been based on an erroneous view of the law; it is another to do so merely on the chance-remote, it seems to us-that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient.

*United States v. Townsend,* 924 F.2d 1385, 1414 (7th Cir. 1991), quoted in *Griffin v. United States*, 502 U.S. 46, 59-60, 112 S.Ct. 466, 474 (1991). In Behl's case, there existed adequate evidence from which the jury could have determined that the child victim was sexually battered

at least once before she turned twelve years old.

Ground one does not warrant habeas corpus relief.

## GROUND TWO (A) & (B)

In Ground Two (A), Behl complains that his conviction is improper because the evidence was legally insufficient to support a guilty verdict on Count I, or the evidence established facts contrary to the verdict so as to warrant a new trial. Specifically, Behl alleges that the victim's testimony was the only evidence that any crime occurred, and this testimony was insufficient to support a finding that the acts occurred when the victim was less than twelve years of age.

This claim is procedurally barred, because it was not raised in the initial brief filed by appellate counsel on direct appeal. The claim was raised in the timely Rule 3.850 motion, but it was properly dismissed by the state postconviction court because the issue is one which must be preserved at trial and raised on direct appeal. This claim is not cognizable in a motion for postconviction relief as it could have and should have been raised on direct appeal. *See Smith v. State,* 445 So.2d 323, 325 (Fla. 1983) (A claim of insufficient evidence to sustain a conviction is an issue that could have and should have been raised on direct appeal); *Clift v. State*, 43 So. 3d 778 (Fla. 1st DCA 2010)(same).

In Ground Two (B), Behl alleges counsel's assistance was ineffective for failing to move for judgment of acquittal or for a new trial. The state postconviction court properly denied this claim because counsel did preserve this issue for appeal by filing motion for a judgment of acquittal. See Respondent's Exhibit 1: Vol. 5: T 196 and 199.

Ground two (A) and (B) do not warrant habeas corpus relief.

## GROUND THREE (A) & (B)

In Ground Three (A), Behl contends his convictions of Counts II and III cannot stand because the evidence was legally insufficient to support the verdict or established facts contrary to the verdict so as to warrant a new trial. Behl raised this in ground 2 of his original motion for postconviction relief. The state court denied this claim as procedurally barred, as stated in the court's November 26, 2007, order:

> Defendant alleges that evidence presented as to counts two and three was legally insufficient to support a conviction or in the alternative, the State's evidence was so tenuous as to constitute a miscarriage of justice. Defendant also alleges that counsel was ineffective for failing to preserve this issue and move for judgment of acquittal or move for a new trial. This claim is not cognizable in a motion for postconviction relief as it could have and should have been raised on direct appeal. *See Howell v. State*, 877 So. 2d 697, 707 (Fla. 2004).

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, p. 2.

Behl alleged in Ground Three (B) that his trial counsel was ineffective for failing to preserve the above-state issue for appeal by filing a motion for judgment of acquittal. As in Ground Two (B) above, the state court properly denied this allegation as meritless, in that counsel did preserve this issue for appeal in filing a motion for a judgment of acquittal. (Exhibit 1: Vol. 5: T 196, 199).

Ground three (A) and (B) do not warrant habeas corpus relief.

## GROUND FOUR (A) & (B)

In Ground Four (A), Behl argues that the three charges of sexual activity with a minor are factually and legally one-in-the same offense, and multiple convictions and punishments constitute double jeopardy. Behl improperly raised this claim in Issue I of his pro se initial brief filed in the appeal from the resentencing judgment. The State correctly argued in its answer brief that the issue could have been and should have been raised in the appeal from Behl's

original judgment and sentence:

> Given that Appellant has already filed a direct appeal in regards to lower case number 01-1370 CFANO, this Court has already issued its written opinion affirming Appellant's convictions, and has issued its mandate, Appellee submits Appellant is barred from raising a claim of double jeopardy in the instant case. The only issues eligible to be considered in the instant appeal are those concerning the re-sentencing hearing held on August 26, 2005. All other issues are procedurally barred.

> Second, even if Appellant had raised the issue in the appropriate direct appeal, Appellee contends Appellant would not have prevailed given that, by Appellant['s] concession, the issue was not preserved. Moreover, Appellant would [not] have been afforded a fundamental exception due to the fact there is no double jeopardy issue in [sic] lurking in counts two and three charged in lower court case number 01-1370 CFANO. Each count cites to facts supporting two separate and distinct sexual acts performed by Appellant upon his daughter.

Respondent's Exhibit 21: Answer Brief of Appellee at pp. 4-5.

Even if the issue were not procedurally barred, however, Behl's allegation of double jeopardy is without merit. The federal court's review of a state prisoner's claim that a state sentencing procedure violated the double jeopardy clause is limited. "With respect to cumulative sentences imposed in a single trial, the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S. Ct. 673, 678, 74 L. Ed. 2d 535 (1983). Here, the State may charge a defendant with two counts of sexual battery without violating the defendant's double jeopardy rights if two different sex acts are present.

> The sexual battery statute may be violated in multiple, alternative ways, i.e., "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.011(1)(g) Fla. Stat. (1987). Sexual battery of a separate character and type requiring different elements of proof warrant multiple punishments. *See Duke v. State,* 444 So.2d 492 (Fla. 2nd DCA ) (vaginal penetration followed a moment later by anal penetration), *aff'd,* 456 So.2d 893 (Fla. 1984); *Grunzel v. State,* 484 So.2d 97 (Fla. 1st DCA 1986), (cunnilingus followed a few seconds later by vaginal intercourse); *Begley v. State,* 483 So.2d 70 (Fla. 4th DCA 1986)

(attempted vaginal intercourse, attempted cunnilingus, fellatio, committed over two week period); *Bass v. State,* 380 So.2d 1181 (Fla. 5th DCA 1980) (oral sex followed by rape).

*Saavedra v. State*, 576 So.2d 953, 957 (Fla. 1st DCA 1991). *See also, Bradham v. State*, 657 So. 2d 40 (Fla. 1st DCA 1995). The charges in Behl's case constitute separate offenses containing different elements and do not violate double jeopardy principles. Consequently, Behl cannot show that the state court decision was contrary to, nor an unreasonable application of, Supreme Court precedent as to multiple sentences for separate offenses, and Ground Four (A) must be denied.

It follows that Ground Four (B), alleging ineffective assistance of counsel for failing to move for dismissal or for judgment of acquittal on double jeopardy grounds, must also be denied. Counsel cannot be deemed ineffective for failing to raise a meritless issue. *See Chandler v. Moore*, 240 F.3d 907, 913-14 (not ineffective assistance of counsel to fail to raise non-meritorious issues).

Ground four (A) and (B) do not warrant habeas corpus relief.

### GROUND FIVE (A) & (B)

In Ground Five (A), Behl alleges that three convictions of sexual activity with a minor are improper because the evidence is legally insufficient to support multiple counts. Again, Behl improperly raised this claim for the first time in ground 4 of his Rule 3.850 postconviction proceeding, rather than on direct appeal, and Ground Five is procedurally barred.

In Ground Five (B), Behl claims trial counsel was ineffective for failing to object, or move for dismissal or for judgment of acquittal. The state postconviction court reasonably denied this allegation because the record indicates trial counsel did file a motion for judgment of acquittal as to all charges at the close of the State's case, and renewed the motion after the defense

rested. (Exhibit 1: Vol. 5: T 196, 199).

Grounds five (A) and (B) do not warrant habeas corpus relief.

## GROUND SIX (A) & (B)

In Ground Six (A) Behl contends that the trial court erred in limiting cross-examination of the child victim during the child's testimony, which unfairly restricted star witness impeachment, a crucial component of the defense strategy. Behl also argues trial counsel was ineffective for failing to lay a persuasive predicate for admission or object to the limitation. This claim was presented in ground 12 of the timely Rule 3.850 motion. The state court denied sub-claim (A) because it should have been raised on direct appeal and was therefore procedurally barred. The state court also denied the ineffective assistance of counsel component of the claim (Ground Six (B)) for lack of merit. The postconviction court's November 26, 2007, order denying relief on these allegations states as follows:

> Defendant alleges that the Court erroneously prohibited the Defendant from impeaching the victim, whose testimony provided the only evidence of a crime. Defendant alleges that this deprived him of his right to confrontation. The Defendant also alleges that the trial judge exerted improper judicial interference by not allowing Defendant to attack the credibility of the victim. The Defendant is alleging a trial court error, which is not properly raised in a motion for post conviction relief. *See Sampson v. State*, 845 So. 2d 271, 272 (Fla. 2d DCA 2003). Defendant's claim that counsel was ineffective for not telling the Court of the crucial importance of impeaching the victim's testimony, failure to forcefully advocate materiality of the testimony, and failing to object and/or move for a new trial are completely without merit. Defendant's allegation that the Court would have granted a new trial based on these arguments is likewise without merit. Counsel argued at length to impeach the victim with inconsistent statements, the Court however, found these questions to be impermissible. *Exhibit A: Trial Transcript pgs. 104-125*. The fact that the Defendant feels his defense was limited by the rules of evidence is not a ground upon which post conviction relief may be granted. This claim is denied.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Post Conviction Relief, pp. 7-8.

Ground Six (A) is procedurally barred. *See Sampson v. State*, 845 So. 2d 271, 272 (Fla.

2d DCA 2003)(claims of trial court error should have been brought on direct appeal and are not cognizable in a postconviction motion).

Ground Six (B) is without merit. As the state postconviction court noted, trial counsel argued at length to impeach the victim with inconsistent statements, but the court found these questions to be impermissible. (Respondent's Exhibit 1: Vol. 5: T 104-125). The fact that counsel was unsuccessful in his endeavor to impeach the victim does not constitute deficient performance. *See, e.g., Bettis v. United States*, 2010 WL 4064984, 4 (S.D. Ala. 2010)(The court found no deficiency in defense counsel's actions with regard to the admission of certain evidence where counsel objected to its inclusion and the court ruled against him); *Marshall v. State*, 854 So. 2d 1235, 1248 (Fla. 2003).

Ground Six (A) and (B) do not warrant habeas corpus relief.

## GROUND SEVEN (A) & (B)

Next, in Ground Seven (A), Behl asserts the trial court erred by improperly allowing admission of collateral evidence which overwhelmed evidence of the charged crimes and become a feature of the trial and an impermissible attack on Behl's character. Behl also faults counsel for failing to object or move in limine. This claim was raised in ground 10 of the motion for postconviction relief and was reasonably denied by the court for the following reasons:

> Defendant alleges that the State improperly introduced evidence of uncharged collateral crimes in violation of the evidentiary rules and that this evidence was so prominent that it overwhelmed the evidence of the charged crimes and became a feature of the trial. Defendant alleges that this evidence is not relevant or probative and amounted to nothing more than an impermissible attack on his character. Defendant further alleges that counsel was ineffective for failing to object, file a motion in limine, or move for a new trial, Defendant alleges that had counsel done so it would have been granted. Specifically, Defendant alleges that the "uncharged collateral crimes" was the victim's testimony that these incidents occurred daily for about five years which defense counsel calculated to be around 1,800 times. This claim is without merit. The victim

27

testified as to occurrences referenced in the information, between the period delineated in the information, this testimony was about the crime charged and not uncharged collateral crimes. *Exhibit A: Trial Transcript pgs. 60-106, 125-131.* Counsel was not ineffective for not raising this meritless issue. This claim is denied.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, pp. 5-6.

As to Ground Seven (A), the denial of this issue on the merits is objectively reasonable. A review of the trial record supports the postconviction court's finding that the victim testified as to occurrences referenced in the Information, "between the period delineated in the information." Therefore, the testimony was about the crime charged and not uncharged collateral crimes. (Exhibit 1: Vol. 5: T 60-106, 125-131). Behl has not shown that the denial of this claim was contrary to Supreme Court precedent, or that the state court unreasonably determined the facts in light of the evidence presented in the state court proceeding.

Moreover, as to Ground Seven (B), counsel was not deficient for failing to raise a meritless objection. *Chandler v. United States*, 218 F.3d at 1313. As "state courts are the final arbiters of state law," and the trial court determined this claim would have been unsuccessful if made by counsel, Behl cannot show ineffective assistance of counsel. *Herring v. Secretary, Dept. of Corrections,* 397 F.3d 1338, 1354-55 (11th Cir.), *cert. denied,* 546 U.S. 928, 126 S.Ct. 171, 163 L.Ed.2d 277 (2005).

Ground Seven (A) and (B) do not warrant habeas corpus relief.

## GROUND EIGHT (A) & (B)

In Ground Eight (A), Behl alleges the trial court erred in allowing introduction of hearsay testimony of Behl's alleged inculpatory statements made to witnesses Roberto Beruvides and Arthur Lee. This claim was raised in ground 11 of the timely filed motion for postconviction

relief. The state court properly denied the allegations for the following reasons:

> Defendant alleges that the State improperly introduced hearsay testimony of the Defendant's alleged statements to witnesses Roberto Beruvides and Arthur Lee about incriminating statements that they heard Defendant make. Defendant appears to allege that these statement were entered to show that the Defendant had a bad character and alleges that counsel was ineffective for failing to preserve the issue for appeal and or file a motion to prevent the State from allowing the witnesses to testify to this.

> As to Defendant's allegation as to Roberto Beruvides the Court finds this claim to be without merit. The Court finds there to be no improper hearsay statements in Detective Beruvides' testimony. *See Exhibit A: Trial Transcript pgs 168-182.* Furthermore, counsel did file a motion to suppress which was denied. Defendant's claim also contradicts itself; the Defendant alleges that these statements were hearsay but later states that they were only submitted to show his bad character. Florida Statutes §90.801(1)(c) defines hearsay as a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. This claim is denied.

> Defendant alleges that Arthur Lee's testimony should not have been submitted and that the State did not follow the evidentiary rules. Defendant again generally states that counsel was ineffective for not objecting to this testimony. Defendant again alleges that these "hearsay" statements were submitted to make the Defendant look as if he was of bad character and suggest that he may commit similar crimes. This claim is without merit. Counsel did seek to prevent Mr. Lee from testifying, however the Court held that there was no attorney/client privilege and denied the motion in limine. *See Exhibit D: Order Denying Motion in Limine.* Counsel also filed a motion to suppress certain statements made to Mr. Lee by the Defendant as William's Rule evidence, this issue was discussed at length and the State proffered the testimony of Mr. Lee. *See Exhibit A: Trial Transcript p. 45-55.* At trial, counsel clearly objected to the testimony of Mr. Lee. *See Exhibit A: Trial Transcript pgs. 182-195.* Defendant's claim is denied as counsel did seek to prevent the testimony of Arthur Lee and preserved this issue for appeal.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, pp. 6-7.

The state court correctly held that there is no merit to Behl's allegations regarding the testimony of Roberto Beruvides and Arthur Lee under state evidentiary rules. Moreover, the underlying claims regarding the admissibility of the witnesses' testimony concern matters of state evidentiary law, not federal constitutional error. Therefore, the claims are not cognizable

in this federal proceeding. Behl did not invoke the United States Constitution in the instant federal petition nor in his original Rule 3.850 motion. This Court may not inquire into the validity of the trial court's application of its own evidentiary rules. *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *See also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."). In the instant case, the admissibility of the testimony was based on state law.

Furthermore, Ground Eight (B), alleging that counsel was ineffective for failing to object, move in limine, or move for a new trial is without merit. The state court found there were no improper hearsay statements in Detective Beruvides' testimony, and the denial of this allegation was affirmed on appeal. Also, counsel sought to prevent Mr. Lee from testifying; however, the trial court held that there was no attorney/client privilege and denied the motion in limine. Under these circumstances, trial counsel's performance was not deficient. Therefore, Behl failed to establish ineffectiveness pursuant to the two-part test of *Strickland v. Washington*.

Ground Eight (A) and (B) do not warrant habeas corpus relief.

## GROUND NINE (A) & (B)

Behl contends in Ground Nine (A) that the trial court improperly intimidated defense counsel, constrained defense closing arguments, and interfered with counsel's duty to advocate. In Ground Nine (B), Behl claims counsel was ineffective for failing to object, move for disqualification, or move for mistrial or a new trial. Behl presented these allegations in ground 13 of the Rule 3.850 motion, and the state court properly rejected it for lack of merit. The order denying relief states in pertinent part:

> Defendant alleges that the trial judge improperly intimidated defense

30

counsel and constrained the Defendant's closing arguments. Defendant further alleges that counsel was ineffective for failing to object and/or move for disqualification and/or a mistrial. The Defendant's claim is without merit. The Court was justified in reprimanding counsel as he directly violated the order that the Court gave in regards to questioning Detective Beruvides about any statements the victim made about prior sexual activity. *See Exhibit A: Trial Transcript pg. 180.* Statements made by the judge during the charge conference likewise addressed the problem of counsel intentionally violating the Court's order and again warned him that he should not again do so. *See Exhibit A: Trial Transcript pgs. 213-216.* Defendant's allegation that counsel was ineffective for failing to file a motion to disqualify the trial judge is also without merit as Defendant sets forth no grounds upon which a facially sufficient motion to disqualify could be based. A trial judge[']s expression of dissatisfaction with counsel or a clients behavior alone does not give rise to a reasonable belief that the trial judge is biased and the client cannot receive a fair trial. *See Ellis v. Henning*, 678 So. 2d 825, 827 (Fla. 4th DCA 1996). This claim is denied.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, p. 8.

The postconviction court reasonably determined the trial court was justified in reprimanding defense counsel in light of counsel's direct violation of the court's order. Moreover, Behl's claim that counsel was ineffective for failing to file a motion to disqualify the trial judge, as presented in the Rule 3.850 motion, is also without merit because under state law, Behl failed to provide grounds upon which a facially sufficient motion to disqualify could be based. Behl has not shown that the judge was biased and, therefore, counsel had no grounds for filing a motion to disqualify the trial judge.

Ground Nine (A) and (B) do not warrant habeas corpus relief.

## GROUND TEN (A) & (B)

In part (A) of his ground ten, Behl argues the trial judge erred in instructing the jury as to the essential element of the victim's age in Counts II and III, creating a legally inadequate theory of guilt upon which the general verdict may rest. In part (B), Behl alleges his counsel was ineffective for failing to object and/or move for a new trial on the basis of the court's error. Both

allegations are without merit. Behl raised this claim in ground 8 of his original Rule 3.850

motion. The state court summarily denied this ground for the following reasons:

> Defendant alleges that the Court erred in failing to instruct the jury regarding the essential element of the victim's age in counts two and three. Specifically, Defendant alleges that the Court erred by not including in the instructions that the jury must find that the victim was "twelve years of age or older" and that the instruction that the jury must find that the victim was under the age of eighteen was erroneous. Defendant further alleges that counsel was ineffective for failing to object and or moving for a new trial, which he believes, would have been granted. Defendant's claim is without merit. A claim that the trial court erred is not cognizable in a motion for postconviction relief, as it could have and should have been raised on direct appeal. *See Sampson v. State*, 845 So. 2d 271, 272 (Fla. 2d DCA 2003).
>
> Counsel not objecting to the jury instruction did not prejudice Defendant. An ineffective assistance claim based on counsel's failure to object to instructional error is subject to standard review which focuses on whether there was a reasonable probability that, but for counsel's error, the result of the trial court proceeding would have been different. *See State v. Bouchard*, 922 So. 2d 424 (Fla. 2d DCA 2006). Defendant has not met this burden, had counsel objected the Court would have corrected the jury instructions, but the outcome would have been the same as there was no dispute that the victim was over the age of twelve at the time of the crime. The evidence supports the finding that the victim was above twelve. *See Exhibit A: Trial Transcript pgs. 87-89.* This claim is denied.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, pp. 4-5.

Ground Ten (A) is procedurally barred, as the issue is one that should have been raised

on direct appeal. Ground Ten (B) fails to satisfy the *Strickland* standard, inasmuch as Behl has

not shown he was prejudiced by trial counsel's failure to object to the omission of a jury

instruction on the element of the victim's age in Counts II and III. As "state courts are the final

arbiters of state law," and the trial court determined this claim would have been unsuccessful

if made by counsel, Petitioner cannot show ineffective assistance of counsel." *Herring v.*

*Secretary, Dept. of Corrections,* 397 F.3d 1338, 1354-55 (11th Cir.), *cert. denied*, 546 U.S. 928,

126 S.Ct. 171, 163 L.Ed.2d 277 (2005). Grounds (A) and (B) were reasonably rejected by the

state court and this ruling must be given deference pursuant to 28 U.S.C. § 2254(d).

Ground Ten (A) and (B) do not warrant habeas corpus relief.

## GROUND ELEVEN (A) & (B)

Behl asserts in part (A) that the trial court erred in failing to instruct the jury as to the element of standing "in a position of familial or custodial authority," and that trial counsel was ineffective for failing to request a special jury instruction to define the element. This claim was raised as ground 7 in the motion for postconviction relief filed in the state court. The postconviction court properly denied part (A) as procedurally barred and lacking in merit, and denied part (B) for lack of merit. The order issued November 26, 2007, states:

> Defendant alleges that the Court erred by failing to instruct the jury on the essential element of "in a position of familial or custodial authority" with respect to counts two and three. Defendant alleges that this was a "material and disputed" issue in this case. Defendant also alleges that the State presented no substantial competent evidence of this element and that it was not proven that the Defendant "acted in, and misused, a position of familial or custodial authority over the alleged victim in order to commit the crime." Defendant alleges that counsel was ineffective for failing to request this jury instruction and had he so requested it would have been granted or been preserved for review and reversed. This claim is entirely without merit. Defendant was the father of the victim, despite the Defendant's allegation, this issue was not disputed in this case. Defendant was identified by the victim as well as her mother, as being the father of the victim, the Defendant stipulated that he was in fact the victim's father. *See Exhibit A: Trial Transcript pgs. 60-61 and 131-132*. Throughout the trial, the Defendant was referred to as the father of the victim. The position of authority that the Defendant had over the victim was also evidenced in the victim's testimony. *See Exhibit A: Trial Transcript pgs. 78-82 129-131*. The proposed jury instruction is also erroneous. The law dos not require that the Defendant "misuse" his position, only that the Defendant stand in a position of familial or custodial authority to the victim. As the proposed jury instruction was improper, the Court would have rejected it and counsel is not ineffective for failing to request it. As for the Defendant's allegation that the trial court erred, this claim is not cognizable in a motion for postconviction relief. This claim is denied.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, p. 4.

Behl's complaint about the jury instruction is procedurally barred because it should have

been preserved at trial and raised on direct review. A review of the trial transcript shows Behl did not object to the proposed jury instructions jury the charge conference or after the court had instructed the jurors. (Respondent's Exhibit 1: Vol. 2: T 216-234; 312). On this basis, any error in instructing the jury was not preserved for review. Florida Rule of Criminal Procedure 3.390(d) provides:

> No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection. Opportunity shall be given to make the objection out of the presence of the jury.

Even if the issue had been preserved, however, Behl's claim is without merit. The evidence showed Behl was the father of the victim, and he exercised familial authority over her. (Respondent's Exhibit 1: Vol. 5: T 60-61, 78-82, 129-132). Finally, because Behl was not entitled to the jury instruction in question, trial counsel cannot be deemed ineffective for failing to request it.

Ground Eleven (A) and (B) do not warrant habeas corpus relief.

## GROUND TWELVE (A) & (B)

In part (A) of his twelfth ground, Behl alleges the trial court erred in assessing victim injury as a sentence enhancement without a jury finding of the aggravating fact beyond a reasonable doubt, violating the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  In part (B), Behl argues trial counsel was ineffective for failing to contemporaneously object or move to correct the sentencing error.

These claims were raised in Issue IV of the original direct appeal, in Issue II of Behl's pro se initial brief in the appeal from the resentencing judgment, and in ground 6 of the timely filed Rule 3.850 motion. The appellate court granted Behl's *Apprendi* claim as to the sentences for

Count II or III (sexual battery by a person in familial or custodial authority) in the direct appeal

from the original judgment and sentence. The court held:

> Behl challenges the assessment of victim injury points for sex penetration on the sentencing guidelines scoresheet, which was used in sentencing for counts II and III. Behl, whose sentences were imposed under the sentencing guidelines in place before the Criminal Punishment Code became effective, contends that the trial court's assessment of victim injury points violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), with respect to the Sixth Amendment's requirements for jury findings of facts upon which a sentence is based. [footnote omitted]. We conclude that the trial court erred in scoring sex penetration points for one of the offenses of sexual battery by a person in familial or custodial authority. We therefore reverse Behl's sentences for counts II and III and remand for resentencing utilizing a corrected scoresheet. We affirm Behl's life sentence for count I, which was not affected by the guidelines scoresheet.

*Behl v. State*, 898 So. 2d 217, 219 (Fla. 2d DCA 2005).

Ground Twelve (A) & (B) in the present federal petition do not warrant habeas corpus

relief from this Court because the state court has already granted the relief sought by Behl on

his *Apprendi* claim.

## GROUNDS THIRTEEN (A) & (B), FOURTEEN (A) & (B), SEVENTEEN, EIGHTEEN, AND NINETEEN

Ground Thirteen (A & B), Ground Fourteen (A & B), Ground Seventeen, Ground

Eighteen, and Ground Nineteen of the instant federal petition are procedurally barred because

they were raised for the first time in an untimely Rule 3.850 motion for postconviction relief.

The postconviction court's application of Rule 3.850's two-year limit was followed by a

silent affirmance by the state district court of appeal. An appellate court's per curiam affirmance

of a decision that is based on a procedural bar is deemed to affirm the procedural bar. *Ylst v.*

*Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991); *Harmon v.*

*Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990). In Behl's case, the silent affirmance rests on

35

independent and adequate state grounds barring federal review of his ground. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990).

Any cause allegation is barred by the two-year time limit of Rule 3.850 and the state's successive petition doctrine. *See e.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992)(Successive motion for postconviction relief may be dismissed if it fails to allege new or different grounds for relief and prior determination was on merits, or, if new and different grounds are alleged, failure to raise those issues in prior motion constitutes abuse of process); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993)(same). Not showing cause, Behl cannot avoid his default, as the cause and prejudice  components are in the conjunctive and thus both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982).

Even if Behl could show valid cause, Behl cannot avoid his default, as he does not allege and meet the prejudice component of *Wainwright v. Sykes*. Moreover, he does not qualify for the fundamental miscarriage of justice exception. He has no new and reliable evidence of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321-22, 130 L.Ed. 2d 808, 115 S. Ct. 851 (1995). Behl is not entitled to federal review of his defaulted grounds.

### GROUND FIFTEEN (A) & (B)

In Ground Fifteen, Behl asserts the criminal statute forbidding sexual activity with a minor by a person in a position of familial or custodial authority is void for negating the only plausible defense of willingness or consent. Additionally, Behl contends his attorney was ineffective for failing to move for dismissal or for a judgment of acquittal on this basis. These allegations were raised in ground 6 of Behl's timely filed Rule 3.850 motion. The state court rejected Behl's

claims for the following reasons:

> Defendant alleges that the criminal statute forbidding sexual activity with a minor by a person in position of familial or custodial authority is void because it negates its only defense. Defendant further alleges that counsel was ineffective for failing to move for dismissal and/or judgment of acquittal. Defendant appears to allege that a defense to this crime should be that he did not use his authority to commit the crime. This claim is not cognizable in a motion for postconviction relief as it could have and should have been raised on direct appeal. See *Sampson v. State,* 845 So. 2d 271, 272 (Fla. 2d DCA 2003). Defendant did file a motion for a judgment of acquittal. *See Exhibit A: Trial Transcript pgs. 196 and 199.* Furthermore, counsel is not ineffective for failing to raise a meritless claim. This claimed [sic] denied.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, pp. 3-4.

Behl's allegation that the criminal statute forbidding sexual activity with a minor by a person in position of familial or custodial authority is void because it negates its only defense is procedurally barred, because it must be raised on direct appeal rather than in a Rule 3.850 motion. Moreover, trial counsel was not ineffective for failing to file a motion for judgment of acquittal based on the statute being void because such argument is without merit. The postconviction court's order denying the ineffectiveness claim in Ground Fifteen (B) is entitled to deference by this Court under the AEDPA.

Ground Fifteen (A) and (B) do not warrant habeas corpus relief.

## GROUND SIXTEEN (A) & (B)

Finally, in Ground Sixteen Behl contends the criminal statute forbidding sexual activity with a minor by a person in a position of familial or custodial authority is void for overbreadth. Behl also argues that trial counsel was ineffective for failing to move for dismissal or for judgment of acquittal. These allegations were raised in ground 5 of Behl's motion for postconviction relief. The postconviction court's order states as follows:

> Defendant alleges that Florida Statutes 794.011(8), is void for because it

is overly broad and "it could be applied to innocent activity, permit a conviction based solely on legal conduct, or punish a person solely because of his or her status or quality." Defendant also seems to suggest that sexual activity with a minor by a person in custodial or familial authority is somehow a constitutionally protected activity. The Defendant further alleges that counsel was ineffective for failing to object and/or move for dismissal and/or for a judgment of acquittal. This claim is not cognizable in a motion for postconviction relief as it could have and should have been raised on direct appeal. *See Sampson v. State*, 845 So. 2d 271, 272 (Fla. 2d DCA 2003). Furthermore, counsel did file a motion for a judgment of acquittal. *See Exhibit A: Trial Transcript pgs. 196 and 199*. As any objection to the statute on this ground would have been without merit counsel is not ineffective for not raising it. A defendant is not punished solely because he is in a custodial or familial position but because he had sexual activity with a minor, which is not a constitutionally protected activity. This claim is denied.

Respondent's Exhibit 35: Order Denying Defendant's Motion for Postconviction Relief, p. 5.

Ground Sixteen (A) is procedurally barred and without merit, and trial counsel would have been unsuccessful had he raised the jury instruction issue at trial. Therefore, Behl is not entitled to relief on either part of this claim.

Ground Sixteen (A) and (B) do not warrant habeas corpus relief.

### Behl's Reply to Respondent's Response

The Court is not persuaded by Behl's arguments in the reply.  It appears that Behl attempts to circumvent all procedural defaults by claiming that each and every ruling by the state courts was fundamental error.  Behl has failed to show that fundamental error occurred.

Behl's arguments on the merits of his claims are also non-persuasive.

Accordingly, the Court orders:

That Behl's petition is denied.  The Clerk is directed to enter judgment against Behl and to close this case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 3, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Edward A. Behl, Sr.